Our next final case on the call of the docket today is agenda number 17 case number one one four zero four four Colleen Bork appellant versus Frank P O'Meara appellee counsel for the appellant please proceed. Good morning may it please this honorable court my name is Kurt Levitas and I represent Colleen Bork in this matter. The sole issue in this case is whether section 8 one of the probate act and the six-month time period limitation therein is applicable to Colleen Bork's tortious interference case filed against Mr. Frank O'Meara. We would ask this court to reverse the two lower courts who have found that the that 8-1 is applicable and therefore dismissed Colleen Bork's time bar. The Colleen Bork's lawsuit in this case alleges that Frank O'Meara committed a tort by interfering with the decedent Mr. Frank Dama with the Dama's intent to give Colleen a gift of a bank account. Mr. Dama had started the procedure of putting Colleen's name on the bank account as the documents in the record indicate steps had been taken but the Colleen's name never formally made it on to title in that bank account and it is our allegation that the reason that happened is that right about the same time Frank Dama went into the hospital and Mr. O'Meara, Dr. O'Meara became close with him and obtained a attorney and later took steps to block the final steps of the completion of that gift and that's the tort that we allege. That happened in October of 2005 or September and October Mr. Dama got out of the hospital in late October of 2005 and thereafter the he died then in January of 2009 or 2008 and then the proceedings occurred, your honors, we've read the record and the facts in the probate proceedings when they were opened we didn't receive formal notice because Colleen had no right to receive such notice but we she did find out about the proceedings she hired me I filed an appearance and began to look into the matter of this bank account because Colleen had some of the documents that she had signed in the course of having the the Northern Trust had sent Colleen some documents to sign in the procedure of getting the account transferred. In the probate case counsel, did plaintiff attempt to prove that the defendant interfered with the decedent's plan to make the document payable on demand or did she just try to prove that the account was not a part of the estate? The latter. We filed a 16-2 reverse citation. We thought at that time that the account was formally in Colleen's name so we came in and our position was this account is not part of the estate it belongs to Colleen we'd like to take it out of the estate and give it to Colleen. We got as far in the discovery phase of the citation of obtaining documents the documents showed that while the process had been started clearly the it had not been finalized and therefore the account was never formally made it into Colleen's name and therefore we didn't have a 16-2 petition because we never owned it. And we our 16-2 reverse citation petition or the next step in fairness I want to say what the next step was I wanted to take the deposition of the banker and that was opposed for basic reason there being no jurisdiction and I we made arguments in the probate court circuit court said if Colleen's name was never on it you don't have a 16-2 petition we have something else but you don't have a 16-2 petition I'm not gonna let you go doing discovery on bankers and everything else pursuant to a 16-2 petition when you don't have one so case dismissed no subject matter jurisdiction here in this probate court go somewhere else so I did I was in appealing that ruling and I didn't I think the court the circuit court was right in probate court saying if your name's never on it you can't try to pull it out through a 16-2 so I looked and as I did my research I realized if we're gonna file anything it's going to be a tortious interference Colleen directly against Frank O'Meara and as I look the statute I saw it being the five-year catch-all provision and so I thought I had five years I figured I'd do it in the earliest date that it could possibly start which was October of 05 and I just filed calmly within the five-year statute but with the fraud or undue influence invalidate the will it certainly can certainly could we didn't allege that we have this case really has nothing to do with the will as we or something they could have alleged the same things in the round the same time frames and all those meant there would have been a great overlap in evidence and testimony but that's not something we were seeking to do in any way it wouldn't have helped us and we had no standing my position is no the only possible standing we had was as a 16-2 reverse citation petitioner and when that was no longer able to be pursued we had no standing to challenge anything of will or any other estate plan matters of the decedent all we could do is question what happened or didn't happen in regard to this gift of a bank account that was started but not finished the case of Ellis in Ray estate of Ellis is the language there at the end which I believe limited the opinion has given rise to the various opinions arguments and court opinions issued in this case and throughout the case of Ellis it is clear that will contest is a very different creature from a tortious interference case both procedurally the parties involved in this case the targeted defendant in a tortious interference case is the tortfeasor the interferer sometimes that is the person who benefits from receiving the asset at issue or the estate plan at issue a trust codicil to a will sometimes not sometimes that defendant has engaged in conduct that would benefit himself directly or sometimes another person and then on the issue of standing the plaintiff may have standing in a probate matter or if there's a trust or some other matter or may not involve a deed involve any other kind of conveyance or gift but the tortious interference cases from plaintiff directly to defendant tortfeasor for conduct the defendant tortfeasor did to block the expectancy that the plaintiff had in this case it was the bank account that Mr. Nama the decedent had begun to put back in her name in her name I shouldn't say back in her name to put on her own account and was never completed and so we that's why we believe 8-1 doesn't apply at all we are not seeking to invalidate the will we don't seek invalidating the will wouldn't help us one bit in regard to this account and we have no standing in the probate estate one way or other now that the 18 to sorry the 16 to petition has been adjudicated to be without subject matter jurisdiction in the procedurally the question again so you file this petition in the probate court correct and a motion to dismiss was filed correct who filed a motion to dismiss Frank Dama in his capacity as executor I believe and the trial court granted your motion to dismiss no I mean yes ultimately yes it says motion to dismiss your your petition ultimately on black for lack of subject matter jurisdiction correct so at that point there's no place for you to go except for appeal I suppose or down the hall of a lot of vision for a torsion of spirits case you're right nowhere to go in the probate court you're right yes and under those circumstances you really are only seeking to obtain a personal  in or around the probate court or the estate of Frank Dama we just seek a direct action in tort against dr. O'Meara for his conduct in blocking the gift because if if that transfer was successfully completed would have been outside the probate estate correct absolutely that gift was a intervivalous transfer a non probate asset it did pass ultimately to mr. or dr. O'Meara and or his wife who are the sole legatees of the will of mr. Dama it passed ultimately through the residuary a general residuary clause which left everything to those two legatees there's not a specific gift mr. Dama did not say I leave this bank account specifically or any specific item for that matter to the O'Meara's just said I leave everything to the Amir's there was some in some of the cases some indication I think some of the out-of-state cases mentioned in Ellis regarding whether it was a specific gift or not and there was some discussion I believe that and throughout this case I want to address that point that might have might have created a difference my position ultimately is it wouldn't but I could see an argument where the statute might be different if the asset were directly inventoried and directly at issue in the was available to the plaintiff not so here for all those reasons and so I I don't think the fact that it's specific or not hurts me by any means to briefly address the appellate courts opinion in my brief I set forth why I think the appellate court late justice Murphy God rest his soul tried to use the language limiting language in your your honors opinion in Ellis to try to fashion a thing for the reason to say to my brief it would be an unworkable rule both in this case and in any future case especially in regard to intestacy especially also the issues of standing and also issues of concealment one of the issues of an 8-1 is 8-1 has been determined the six-month limitation has been determined by this court to be jurisdictional so no concealment issues apply so if 8-1 were to be carried over into tortious interference then it also would have to be deemed jurisdictional and concealment even though it's a tort tortuous interference any concealment by the tortfeasor would be somehow ratified purified or washed through in probate if the six months runs and that is that allows something to be done that this court says should not be done which is having fiduciaries use the probate act to protect fraud as was said in I believe the case of a state of schlenker and and Nemeth I believe that's what those mentioned those are in my brief because 8-1 doesn't apply and because the question this case is what statute of limitations does apply our position is that it is the five-year catch-all for transfers of property and conversion thereof and torts related thereto and for that reason I would ask that this court reverse both the both lower courts and reinstate Colleen Bork's case so that she can go forward and prove her claim. Thank you Mr. Tobias. Counsel for the appellee. May it please the court my name is David Shippers and I am the appellee in this case. At the very outset it is essential to establish two fundamental precepts. Number one the probate act is a purely statutory remedy the rights and the duties under the probate act are absolute. Secondly the probate court ever since the Constitution of a of 1970 has had equal jurisdiction with any other circuit court so to say that the probate court couldn't hear a tortious interference case is to deny the fact that they have the jurisdiction to do so and have done so in the past. The history of the the development of the law in this area has been both regular, logical and predictable. It began with the case of Robinson versus the State Bank of Monticello when this court declared number one that a tortious interference case can be brought under the under the probate act and number two that if it isn't brought within the six-month statute it is barred. That was But then along about 2010 this court recognized there was a hole in that law because you know that the Constitution says that everyone should at least find a method of asserting their rights. Here you were confronted with an issue where the person who was claiming the tortious interference one had no knowledge that they were in the will, number two had no knowledge that the testator had died and three had no knowledge of what had happened prior to his death. So the court carved out an exception, a very logical exception. If you don't know your rights how can you enforce them within the six-month period and that was exactly what this court ruled. Mr. Shippers that was in a will contest. Here how would invalidating the will in a will contest have provided the relief this plaintiff received in her tort claim? I'm sorry it isn't necessary to avoid the will. In the case here. But I'm talking about a will contest. If the plaintiff has no standing to what would any will contest give the plaintiff their relief in a tort claim? First of all it is our opinion that the in our position that the plaintiff in this case had standing because they were interested parties under the will. Remember the money that was supposed to be in that bank account was now in the estate and what counsel was looking for and what the plaintiff was looking for was to have the money removed from the estate and placed back in the bank account because of this tort. And that's what they tried to do. The record will reflect that half or about two months into the period of the six month period the plaintiff filed two motions. One was a motion to depose an individual who worked for the jurisdiction to order the return of property. Now if that isn't attacking the will, nothing is. Because the property could only come from that will, from that estate. Secondly, the issue of standing was never raised. And as this court has said, it is not up to the plaintiff to assert jurisdiction. It is up to the defendant to prove and the defendant actually has the burden of proof to show that there is no standing. Mr. Shippers, the appellate court focused heavily on Ellis' statement that the case was limited to the facts before it. And I think that's pretty much where you were going before you started your question. But isn't it also true that Ellison said that Robinson was, and I want to read the quote, limited to not recognizing the tort action where plaintiffs have an opportunity to contest a probated will but chose not to do so and subsequently enter an agreement to take no further court action? That's correct. Do the facts of this case fall into the limitation that Ellis placed on Robinson? No, I think that there is no limitation in that respect. They actually filed, you can't say that it wasn't available, that the issue wasn't available because they actually filed in the probate court. He filed an appearance two days before the will was admitted to probate. So the Ellis situation does not apply in any way except to support the fact that the Robinson case was not overruled. The Robinson case was distinguished on the clear basis that the person who was bringing the tortious interference case had no opportunity to do so during the course of the original six months. Did the plaintiff have an opportunity to contest a probated will but chose not to do so? Well, he did. He did contest it. And the court ruled it had no jurisdiction, the trial court. In my opinion, the trial court was wrong because the court had the jurisdiction that was pending before it a motion or a petition for the return of property. That was as close to a tortious interference case as you could get. Well, what do we do then with the quote from Ellis that said that Robinson was limited to the words I just read? Well, Robinson is limited to that. But he was in the probate court. He actually chose the probate court as his forum to assert his rights. Nobody protested the fact that he had standing. That's my concern. Was there a motion to dismiss his petitions? Who filed it? What was argued? What did the trial court rule? All right. After they filed the petition, the first motion that was made or the first petition for a citation that was made was made by the plaintiff here. He asked to take the deposition of the Northern Trust Company. And in that petition, he laid out all of his facts that he stated here about what had happened earlier. And that petition was granted. So they took the deposition of the Northern Trust Company and a woman's name came up as to having been involved in what they suggested was the affair that they were talking about. They then filed two more motions. Now, this was in June, two months after Will had been admitted to probate. They filed two motions, one to go further, a petition for a citation to take more depositions. And at the same time, they filed a petition for an order to return property. That petition was never ruled on. I've gone through the record, and I cannot find that the court ruled on that petition at all. So ultimately the question I have is, what relief could the plaintiff have gotten in the probate case? My earlier question is, counsel is saying he was there, he was asserting his rights, and it was dismissed. And you're saying that's not what happened. No, he was asserting his rights. He could have filed in June, just as he did the other petition, he could have filed a suit for tortious interference with an expected expectancy. Outside of the probate act? No, yeah. Any answer would be a tort. It would be a tort cause. Remember, the probate act, the probate court has jurisdiction to hear any and all matters that a circuit court can hear. And they have so done. The probate court has heard those cases. When he filed a petition for a return of property, he was saying essentially there is property in the estate that doesn't belong there. And that is clearly a probate matter. So your rule is if a tort claim could have been brought within the six-month limitation, it must be brought then. That's exactly right. Even if the remedy doesn't challenge the will? Well, it doesn't challenge the will, but it challenges a part of the will. It challenges the estate, saying the estate that is currently before this court shouldn't be there in that amount. There should be an amount taken back and sent back to the bank because there was a tortious interference and it belongs back in the, if the tortious interference case had been proved in the probate court, the remedy would have been return the money to the bank and the bank then gives it to him. But the tortious interference claim is against a person, not the estate. That's right. And so it's an individual case. It's not under the probate act or it's not part of the probate act. So that person who might have taken under the will would have to be responsible for the relief. And that's not within the probate act and that's not within the will. It's not within the will, it's not within the probate act, but it is within the jurisdiction of the probate court. Because the probate court, he could have brought an action for almost anything. Because the probate court can hear any case that a circuit court can hear. So the fact that he didn't bring the case is exactly the problem here. He could have, he had the opportunity, the remedy was available with the money and he actually came this close to filing such a claim. When the court ruled that she had no jurisdiction in this case, it is our position the court was wrong. Because the court did have jurisdiction. Could you help me? Because I didn't understand this. So when did the court say it did not have jurisdiction? At what point, under what theory, what do you mean no jurisdiction? What happened was she ruled there was a motion made to dismiss the claim, to dismiss the two petitions. And who made the motion to dismiss the claim? The defendant in this case. So you made, your party moved to dismiss the claim that was brought by the plaintiff. Right. They made the motion to dismiss. The court's order says the petition for a citation to take further depositions is denied. The court did not address the second petition at all. What was the motion to dismiss based on? Well, that's precisely the point. She just said denied. So counsel came back in and filed a motion or petition for reconsideration or any alternative that the court give the reason why she denied the motion. What was the motion based on? For what reason was there a motion to dismiss? Based on what? Based on the fact. Jurisdiction, something like that? What was it? I don't know what the reason for the petition was, but the petition was just denied out of hand. The motion to dismiss? No. The petition to take further discovery was denied out of hand. That was a petition, denied out of hand by the court. Then the plaintiff came, or the defendant came back in and asked the court, one, to reconsider the decision to dismiss the case, and went through essentially the facts that were presented here in the court this morning, and in the alternative that the court identify why it dismissed the original petition. The court came back and said, number one, your petition for a rehearing is denied, and number two, the reason I'm denying it and the reason I denied your original petition is because the court has no jurisdiction to act on this matter. In that regard, it's my opinion that the court erred. And again, at that point, counsel had an opportunity, he said it, he had an opportunity to appeal that ruling. He could have said they do have jurisdiction under the Probate Act, and I'm within the six months, and the appellate court and this court, I would predict, would send it back for further action. Mr. Shippers, the complaint that was filed, was filed on what date? The original, the complaint in law? The complaint in law was filed on October 15, 2010. And was there any complaint or any claim filed within the estate prior to that date? The only claim that was filed in the estate, and based on the same facts, by the way, that are alleged in the law case, the only one that was filed was a petition, or a citation for the return of property. That petition was based virtually identically on the facts that were presented later in the October 10th complaint in law. Now that was not dismissed for want of jurisdiction, was it? It was never acted upon. Okay. It was a strange, I mean, the court never acted on that issue. Mr. Shippers, let me back you up. Yeah. The probate has a six month limitation. That's correct. For claims against the probate estate, correct? Yep, that's right. For any claim, that's right. Go ahead. Okay. And this claim, is the claim in the tortious interference a claim against the estate? It is a, it's not that, no, not in that sense. Once the probate court has jurisdiction, period, it has jurisdiction, Your Honor, of every claim. Tort, contract, malpractice, you name it. Now, since Robinson, in 1995, the legislature actually amended the, that section of the Probate Act, 8.1. And they made no mention of bringing a tortious, a claim for tortious interference in a probate case. So, as you know, it is presumed that the legislature certainly knew the attitude of this court. And the finding of this court in Robinson, they chose to make no change. Again, Mr. Shippers, Ellis limited Robinson to when a party, in this case the plaintiff, chose not to pursue the action in the probate court. There's no dispute that they did attempt to pursue the action. You're saying that the probate court made a error in saying that they didn't have jurisdiction to hear. And I think, and I believe you said a couple times now, there was an obligation on the part of plaintiff then, to appeal what you considered was a ruling in error on jurisdiction. Is there any authority that at that point they'd have to appeal? And when did the review have to stop? If they lost in the appellate court, would they have to appeal it to the Supreme Court? How far does it go? The authority for that appeal is this court's decisions in Robinson and Ellis. Not the authority for him to prevail in the appeal. The authority that would indicate that he has an obligation after the probate court found that they didn't have jurisdiction to appeal that ruling. To fall within what Ellis said the holding of Robinson was. The point is, Judge, any opinion in the lower courts that you disagree with, you have a right to appeal. No question. And the appeal could be made directly to the appellate court on the same, and based on these two cases, Robinson and Ellis. But the nexus that I'm asking about is you're saying because he didn't appeal, that therefore he did not, that he didn't choose to bring it in the probate court. He did choose to bring it in the probate court. They wouldn't hear it. All right. Say he didn't choose to bring it in the probate court. After being in the court, notified all the facts in this case. And he just said, well, I'm going to take a voluntary dismissal. I'm not going to stay in the probate court. Robinson would apply. He could not bring a tort case outside of probate. That is our position. And in that sense, we rely on this court's opinions coming down from Robinson. So it's your position that in this situation where the person was dismissed out of the probate case, they couldn't as an option file a law case, walk down the hall and file a law case for tortious interference? That is my position. And that was exactly the facts in the Andrews case in the lower court. The Andrews case found that the plaintiff was thrown out of the probate court, so he went in and tried and filed an action. So even within the six months, it wouldn't make any difference? He went in after six months. No, but I mean in this case, it wouldn't make any difference. Once the six months. I understand that. But I'm saying within the six months, if you're denied an opportunity to litigate this in probate, could you or should you walk down the hall and file a law case? You have two alternatives. One, appeal the ruling in the probate court or walk away. No, you cannot go down the hall and file a lawsuit. Even if it has nothing to do with the will? Now, that's another point. This particular claim, tortious interference, has nothing to do with the will. It's a claim against the person. But it went into the probate court. He chose the probate court. Had this case not even been in the probate court, had the case been filed originally at law, there wouldn't be any problem. I wouldn't be here. But he chose the probate court, and therefore, he's stuck with the six-month limitation. Thank you, Your Honor. Thank you, Mr. Shippers. Your Honor, I just wanted to address the last point that I, because I filed an initial appearance and request of a petition in the probate court that I am, therefore, stuck with the probate court. That's just plain wrong. Mr. Shippers himself began his argument. Courts of Illinois are courts of general jurisdiction, the circuit courts. In the sense of, we talked before about could have versus must. I could have filed, but was I required to file? Yes, if I had filed a probation. Mr. Shippers, you've raised this point, so let's be clear since we're all here. What did you precisely file in the probate court? I'm happy to address that. Here's what it was. I filed an appearance, and shortly thereafter, I filed a petition for a citation to discover information under 16-2, even though it was usually just, 16-2 is the reverse citation, to pull the asset out of the estate. We received documents. Mr. Shippers said it was a deposition. It was actually a deposition in documents only, subpoena really. And we received a stack of documents from the Northern Trust, and that established that Colleen Bork's name never actually made it onto the title of the account. However, it also showed that an employee by the name of Mary Thomas of Northern Trust was active in the procedure that had been begun. So I then brought a petition for court permission to, oh, I had called Northern Trust, and they said get a court order. So I went and I filed a petition for permission to take the deposition of the Northern Trust employee, pursuant to my 16-2 citation to recover the asset out of the estate. I don't know if any motion to dismiss was ever filed. I'm doing this from memory. I don't see it in the record. I've been looking at the record just now, and only parts of the probate court are in there. You didn't file a motion to dismiss? No. I filed a petition to get the asset out and then to take a deposition, and then I think it was just an oral opposition. I think Ms. Daniel stepped up and argued, and Judge Coleman said, if your lady's name was never on it, Judge Coleman, Susan M. Coleman, the circuit court, said if your lady's name was never on this account, it's not a 16-2 petition, I'm not going forward on this, on anything. Everything's dismissed. Your request for depth, your request for any further discovery, anything else you want, you're not in probate. Did you file anything else, or is that it? I filed a motion. I was very surprised at the ruling, so I wrote it as a one-sentence order. I believe it's page 101 of the record. And so I brought back, just for clarity, because the statute, by the way, the six months had already run at the time this first ruling came down. So it was too late to file anything at that moment anyway. This was in late October, and the letters, data letters, was, I think, in mid-April. So I was too late, and I realized I had a problem. I either had to appeal or somehow get a clarification so I don't have a problem with res judicata, collateral estoppel, law of the case, whatever it may be. So I filed a motion to reconsider and to vacate and to clarify. So I keep my 30 days running, I had to put the vacate in there. And that's on page 102 of the record. And at the end of that, I said, you know, I expressed why I thought the opinion was wrong and should be vacated. But secondly, I said, if it's not going to be vacated, I need a root reason so that someday I don't have to answer to somebody who says, oh, you tried this already in the probate court, and you lost on a judgment on the merits, and therefore you're barred by res judicata or one of these similar theories. And the judge then entered the order, which is found on page 106 of the record, and it says petitions are dismissed, the citation is dismissed for lack of subject matter jurisdiction. Six months had already gone before that. And then I looked. I could have appealed at that point. And I read many of the 16-2 cases and the annotations. And almost all of them show some sort of a, more than just a claim of an incompleted gift. Usually this has to do with a family stock, people own stock, or something was given as collateral. There's always colorable title in the petitioner. Before you have standing for 16-2, you have to have some sort of colorable title you can point to. All I had was a gift, an oral statement, hey, I want you to have this, and some steps in furtherance, which were not finalized. That's all I had. And I thought to myself, I'm not going to win this, so I didn't bring the appeal. I went down to the hall. I looked at the statute. I realized, in my opinion, I had five years from the earliest possible date would be October of 2005. And so I filed right around then in October 2010. Because I thought I had five years from the earliest point being the date of the tort, or the date of the blocking. And so that's why I filed. The 8-1, I want to address one last point about being stuck. And one of your honors addressed. Just because I file a petition, or an appearance, and seek some information in the probate court, that doesn't invoke irrevocably the fact that my case is now an 8-1, subject to 8-1. 8-1, by its title, talks about will contests. Someone contesting the validity of a will. I thought I might have, I didn't know what I had. So I figured I'd go in, get some discovery, get some bank documents, maybe take a deposition. By the time we finished with probate, I had nothing in probate, as the judges informed me. My action, if any, was against Mr. Dr. O'Meara. And I filed it, in our opinion, timely, within the five years from the date of the tort. So I would ask that all opinions be reversed. And that Colleen Bork have a chance to approve her case. Thank you. Thank you. Case number 114044, Colleen Bork. Appellant versus Frank P. O'Meara. Appellee is taken under advisement as agenda number 17. Mr. Levitas, Mr. Shippers, we thank you for your arguments. And Mr. Marshall, the Illinois Supreme Court stands adjourned.